DANA A. SUNTAG (California State Bar # 125127)
JOSHUA J. STEVENS (California State Bar # 238105)
AMY N. SEILLIERE (California State Bar # 335694)
HERUM\CRABTREE\SUNTAG
A Limited Liability Partnership
5757 Pacific Avenue, Suite 222
Stockton, CA 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LLOYD THOMAS BERNARD, II, et al.,

    Plaintiffs,

vs.

COUNTY OF SAN JOAQUIN, et al.

    Defendants.

Case No.: 2:21-cv-00172-JAM-DB

**DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

**Date: July 1, 2022
Time: 10:00 a.m.
Place: Courtroom 27**

1

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that, on July 1, 2022, at 10:00 a.m.., or as soon thereafter as the matter may be heard, in Courtroom 27, Defendants Adrenna Torrence, Leslie Billings, Sonia Piva, "Arbuckle," Danevia Rhone, Marisol Enos-Schaffer, and Yeni Gonzales (the "Moving Defendants") will, and by this motion do, move to dismiss this lawsuit as to them.

Moving Defendants make this Motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure because the lawsuit fails as to them for insufficient service of process.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Janny Som, the Court's file, and on such further evidence and argument as the Court may receive.

Dated: May 13, 2022

HERUM\CRABTREE\SUNTAG
A Limited Liability Partnership

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for All Defendants

2

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

# I.
# PRELIMINARY STATEMENT

Defendants Adrenna Torrence, Leslie Billings, Sonia Piva, "Arbuckle," Danevia Rhone, Marisol Enos-Schaffer, and Yeni Gonzales (the "Moving Defendants") move to dismiss this lawsuit as to them for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. We show below there are two separate bases to dismiss:

First, Plaintiffs claim they served process on the Moving Defendants by delivering the summons and complaint to an "agent for service of process," but the person they claim is the "agent for service of process" is not an agent for service of process for any of the Moving Defendants and she was not authorized to accept service of process for any of them.

Second, Plaintiffs have long exceeded the statutory 90 days they had to serve process. As of May 13, 2022, they filed this lawsuit **470 days ago**, on January 28, 2021. Indeed, this Court has issued two Orders to Show Cause because of this. We show below that Plaintiffs' responses to the OSC's fail to show good cause for their extraordinary delay.

Therefore, this Court should dismiss this lawsuit as to each of the Moving Defendants.

# II.
# PLAINTIFFS' ALLEGATIONS/PROCEDURAL HISTORY

Plaintiffs' Complaint is unclear, repetitive, and verbose, but appears to challenge removal of their children. Plaintiffs acknowledge there was a warrant authorizing entry into their residence, but it somehow became "moot." (Complaint, ¶ 43). Plaintiffs failed to attach a copy of the warrant to their Complaint and failed to explain why, how, or when the warrant became "moot."

Plaintiffs also acknowledge that, in addition to the warrant, there was also a court order that authorized removal of the minors and the arrest of the Plaintiffs. (Complaint,

3



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA
RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

¶ 44). They allege the order was "outside the authority and jurisdiction of the court" (*id.*), but, again, they failed to attach a copy of the order and they failed to explain how or why it was "outside the authority and jurisdiction of the court."

Plaintiffs allege that on January 29, 2019, one of the Moving Defendants, Ms. Piva, presented the warrant to the minors' grandmother (where the minors were staying), and removed the minors and placed them in foster care. The minors were in foster care until the case was dismissed on May 14, 2019. (Complaint, ¶ 45).

Plaintiffs' counsel sent the agency a letter on May 15, 2019, notifying it that they intended to file a lawsuit against it and requesting preservation of evidence, and on May 25, 2019, the Agency took custody of the minors "in direct retaliation against Plaintiffs." (Complaint, ¶ 46).

Plaintiffs' Complaint filed on January 28, 2021, alleges four claims for relief: violation of 14th amendment rights to familial association, retaliation in violation of 1st amendment and rights to familial association, non-consensual and unwarranted medical examination in deprivation of constitutional rights, and a claim against the County of San Joaquin under *Monell v. Dep't of Soc. Svcs.,* 436 U.S. 658 (1978).

On February 19, 2021, the Court issued summons on the Complaint, along with a letter advising Plaintiffs that Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the Complaint was filed. (Doc. Nos. 3, 4).

However, Plaintiffs failed to serve process on anyone within 90 days.

Therefore, on October 4, 2021 (well more than 90 days after Plaintiffs filed this case and well after the Court's February 19, 2021, letter), the Court issued an Order to Show Cause requiring Plaintiffs to show why the case should not be dismissed for lack of prosecution based on their failure to serve process. (Doc. No. 6).



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

On October 14, 2021, Plaintiffs filed a response to the Order to Show Cause requesting a 90-day extension to serve because they were "preparing to retain an attorney to represent them" and the underlying dependency proceeding was still ongoing and they feared retaliation. (Doc. No. 7). On December 17, 2021, the Court ruled on their request and granted it, issuing an order granting them an extension of time of 30 days from December 17, 2021. (Doc. No. 9). That date was January 16, 2022 (a Sunday, so Plaintiffs had through January 17, 2022, to serve process. Fed. R. Civ. Pro. 6(a)(1)(C)).[1]

But, January 17, 2022, passed without Plaintiffs serving anyone or seeking further relief from this Court.

Some three months later, on April 11, 2022, this Court issued a second Order to Show Cause why the case should not be dismissed for lack of prosecution. (Doc. No. 10).

On April 25, 2022, Plaintiffs filed a response to the Second Order to Show Cause acknowledging the dependency case had been dismissed some two months earlier, on February 25, 2022, and the minors were returned to them, yet failing to explain why they still delayed in making any attempt to serve process. (Doc. No. 11, p. 2, lines 7-9). Their response goes on to claim they served all Defendants on April 22, 2022.

On April 25, 2022, more than a year after Plaintiffs filed this case, they filed a proof of service of process. (Doc. No. 12). It states they had the Moving Defendants served on April 22, 2022, by leaving the summons and complaint with "[a]gent for Service of Process, Janny Som." *Id.*

---

[1] The Court's order, therefore, granted Plaintiffs five more days than their request for 90 days that they made on October 14, 2021, which would have been through only January 12, 2022.



5

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

## III.
## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE JANNY SOM IS NOT THE MOVING DEFENDANTS' AGENT FOR SERVICE OF PROCESS AND WAS NOT AUTHORIZED TO ACCEPT PROCESS FOR THEM

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under [Rule] 4." *Laipply v. Laipply*, 2022 U.S. Dist. LEXIS 79650, at *3 (E.D. Cal. May 2, 2022) (quoting *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" *Laipply*, 2022 U.S. Dist. Lexis 79650 at *3 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). That is because "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (cited in *Jones v. Bergelectric, Inc.*, 2021 U.S. Dist. Lexis 242720, *5 (E.D. Cal. 2021)).

"If service of process was insufficient, a district court has discretion to dismiss an action or quash service." *Laipply*, 2022 U.S. Dist. Lexis 79650 at *3-4. The proper method to challenge a defect in service is by a motion under Rule 12(b)(5). *Id.* at *3 ("[a] motion under Rule 12(b)(5) challenges the mode or method of service of the summons and complaint" (citing *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006)).

Therefore, the instant motion under Rule 12(b)(5) is the proper method for challenging Plaintiffs' failure properly to serve Moving Defendants. The burden is on Plaintiffs on this motion to show service of process was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("[o]nce service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4" (cited in *Thomason v. Moeller*, 741 Fed. Appx. 420, 421 (9th Cir 2018)).

Here, Plaintiffs' proof of service states they served process on "[a]ll named Defendants" on April 22, 2022, by leaving a copy of the summons and complaint with



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

"[a]gent for Service of Process, Janny Som." (Doc. No. 12). Rule 4(e)(2)(C) in fact authorizes service of process on an individual by "delivering a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process." To qualify under this rule, the "agent" must be "an agent specifically designated to receive service of process." *Perrotte v. Johnson*, 2016 U.S. Dist. Lexis 111787, *3 (E.D. Cal. 2016), citing *Gerritsen v. Cordova*, 721 F. Supp. 253, 256 (C.D. Cal. 1988). This provision is "strictly construed." *Gerritsen*, 721 F. Supp. at 256, citing *Gipson v. Bass River*, 82 F.R.D. 122, 125 (D.N.J. 1979) ("[t]he cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is normally expected").

Here, Ms. Som is not, and has never been, an agent for service of process for any of the Moving Defendants. (Som Decl., ¶ 2). None of them has ever appointed or authorized her to receive process for any of them. (Som Decl., ¶ 3). Moreover, she was not appointed by law to receive service of process for any of them. (Som Decl., ¶ 3).

Here, therefore, the Court should dismiss this lawsuit as to Moving Defendants. *See Electro Scan, Inc. v. Henrich*, 2019 U.S. Dist. LEXIS 47396, at *7 (E.D. Cal. Mar. 20, 2019) (dismissing all claims against defendant when plaintiff ineffectively served the defendant through an individual who was not the defendant's agent for service of process); *Johnson v. Lake Tahoe Partners*, 2014 U.S. Dist. LEXIS 77778, at *11 (E.D. Cal. June 5, 2014) (dismissing defendant when plaintiff served office manager and there was no evidence that office manager was the defendant's agent for service of process); *Thomas v. United Air Lines, Inc.,* 2013 U.S. Dist. LEXIS 174323, at *5-6 (E.D. Cal. Dec. 12, 2013) (dismissing complaint against individual defendant when plaintiff ineffectively served him through an individual who was not authorized to accept service on his behalf).



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

# IV.
# THE COURT SHOULD DISMISS THE LAWSUIT AS TO MOVING DEFENDANTS PURSUANT TO RULE 12(b)(5) BECAUSE PLAINTIFFS FAILED TO SERVE PROCESS IN A TIMELY MANNER

Fed. R. Civ. Pro. 4(m) states, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

"[T]he correct vehicle for a challenge to the timeliness of service under Rule 4(m) is a motion under Rule 12(b)(5)." *RG Abrams Ins. v. Law Offices of C.R. Abrams,* 2021 U.S. Dist. LEXIS 227452, at *10 (C.D. Cal. Oct. 27, 2021); *accord, Graff v. City of Tehachapi*, 2014 U.S. Dist. LEXIS 175756, at *8 (E.D. Cal. Dec. 18, 2014). That is because "[s]ervice of process is insufficient '[i]f a defendant is not served within 90 days after the complaint is filed.'" *Nevis v. Edson,* 2020 U.S. Dist. LEXIS 35661, at *3 (citing Fed. R. Civ. P. 4(m)).

"Rule 4(m) 'encourages efficient litigation by minimizing the time between commencement of an action and service of process.'" *Nevis*, 2020 U.S. Dist. LEXIS 35661, at *3 (quoting *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)).

Here, Plaintiffs have long exceeded the 90 day deadline. They filed this case on January 28, 2021, some **470 days ago** as of May 13, 2022 (*i.e.*, well more than a year ago). Indeed, their 90 day deadline to serve ran more than a year ago, on April 28, 2021—at which point they had made no effort to serve anyone.

As stated above, in response to the Court's October 4, 2021, Order to Show Cause why the case should not be dismissed, Plaintiffs filed a request on October 14, 2021, for a 90-day extension to serve. The Court graciously granted that request, and gave them even more time than the 90 days they had requested, through January 17, 2022. (Doc. No. 9). However, that deadline passed and Plaintiffs again failed to try to serve anyone,



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

1 prompting the Court to issue a second Order to Show Cause on April 11, 2022. (Doc.
2 No. 10).
3       On April 25, 2022, Plaintiffs filed a response to the second Order to Show Cause
4 claiming they had not received the order granting them the extension through January 17,
5 2022, and, if they had, they would have asked for a second extension because the
6 dependency proceeding had a final hearing set in February 2022. (Doc. No. 11).
7       Even if Plaintiffs in fact did not receive this Court's order granting them the
8 extension of time through January 17, 2022, it was incumbent on them, as responsible
9 litigants, after they had filed their October 14, 2021, request for more time, to make some
10 effort to determine the Court's response to their request. Indeed, they were already in
11 default for having served process. They could have checked the court docket online. They
12 could have checked the physical file at the courthouse. They could have called the Court.
13 They apparently did none of this, and they did not explain their failure to do so.
14       Plaintiffs contend they feared retaliation if they served process before underlying
15 dependency proceeding concluded. (Doc. No. 11). However, Plaintiffs state the
16 dependency proceeding was dismissed on February 25, 2022 (*id.*), yet they failed to
17 explain why they did not try to serve process promptly after that, instead of waiting for the
18 Court to issue the second OSC, on April 11, 2022—especially when they were aware
19 from the first OSC they were already well beyond the required time to serve.
20       For these reasons, the Court should dismiss Moving Defendants because Plaintiffs
21 failed timely to serve them.



DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

# V.
# CONCLUSION

The Court should grant this motion and dismiss this lawsuit as to Moving Defendants and should grant such other and further relief as is appropriate.

Dated: May 13, 2022								HERUM\CRABTREE\SUNTAG
												A Limited Liability Partnership

												By:	  */s/ Dana A. Suntag*
													DANA A. SUNTAG
													Attorneys for All Defendants

10

DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

I, KAYLA FRANCO, declare:

I am over the age of 18 years and not a party to this action. My business address is HERUM \ CRABTREE \ SUNTAG, 5757 Pacific Avenue, Suite 222, Stockton, CA 95207. On the date set forth below, I served the following document:

1. **DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; and**

2. **DECLARATION OF JANNY SOM IN SUPPORT OF DEFENDANTS ADRENNA TORRENCE, LESLIE BILLINGS, SONIA PIVA, ARBUCKLE, DANEVIA RHONE, MARISOL ENOS-SCHAFFER, AND YENI GONZALES' MOTION TO DISMISS COMPLAINT**

[ X ] **BY U.S. MAIL.** By enclosing the document(s) in a sealed envelope(s) addressed to the person(s) set forth below, and placing the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

*Pro Se Plaintiffs*

Lloyd Thomas Bernhard, II
Stephanie Celeste Tejada-Otero
25526 S. Bird Road
Tracy, California 95304

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed on May 13, 2022, at Stockton, California.

_____
KAYLA FRANCO

1

PROOF OF SERVICE