DANA A. SUNTAG (California State Bar # 125127)
JOSHUA J. STEVENS (California State Bar # 238105)
AMY N. SEILLIERE (California State Bar # 335694)
HERUM\CRABTREE\SUNTAG
A Limited Liability Partnership
5757 Pacific Avenue, Suite 222
Stockton, CA 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD THOMAS BERNARD, II, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN JOAQUIN, et al. <br><br> Defendants. | Case No.: 2:21-cv-00172-JAM-DB <br><br> **DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Date: July 1, 2022** <br> **Time: 10:00 a.m.** <br> **Place: Courtroom 27** <br><br> **[REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY]** |

1

PLEASE TAKE NOTICE that, on July 1, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 27, Defendants County of San Joaquin (the "County") and the Human Services Agency (the "HSA") will, and by this motion do, move to dismiss this lawsuit.

The County and HSA make this Motion under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure because of insufficient service of process and because the Complaint fails to state a claim on which relief may be granted as to them.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the Court's file, and on such further evidence and argument as the Court may receive.

Dated: May 13, 2022

HERUM\CRABTREE\SUNTAG
A Limited Liability Partnership

By: /s/ *Dana A. Suntag*
    DANA A. SUNTAG
    Attorneys for All Defendants

**I.**
**PRELIMINARY STATEMENT**

Defendant County of San Joaquin (the "County") and its Human Services Agency (the "HSA") move to dismiss this lawsuit as to them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim against them upon which relief may be granted and pursuant to Rule 12(b)(5) because of insufficient service of process.

We show below the Complaint fails to state a claim against the HSA because it is not a separately suable entity.

As to the County, the Complaint fails to state a claim because it attempts to assert a civil rights claim under *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978), but the *Monell* claim is boilerplate, conclusory, and devoid of any actual facts. All Plaintiffs did—literally—was they took a complaint from another case (one that apparently involved Los Angeles County and a person named "Jennifer"), whited out "Los Angeles County," and handwrote in "San Joaquin County." This is the very definition of a cookie cutter boilerplate complaint, which fails.

In addition, the Court should dismiss this lawsuit as to the County and HSA pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because of insufficient service of process. Plaintiffs long exceeded the statutory 90 days Rule 4(m) allows to serve process. Plaintiffs failed to serve process on the County until April 22, 2022—some **449 days** after they filed this lawsuit, on January 28, 2021. Indeed, this Court has issued two Orders to Show Cause because of this. We show below that Plaintiffs' responses to the OSC's fail to show good cause for their extraordinary delay.

**II.**
**SUMMARY OF PLAINTIFFS' ALLEGATIONS**

Plaintiffs' Complaint is unclear, repetitive, and verbose, but appears to challenge removal of their children. Plaintiffs acknowledge there was a warrant authorizing entry into their residence, but it somehow became "moot." (Complaint, ¶ 43). Plaintiffs failed to



attach a copy of the warrant to their Complaint. They also failed to explain why the warrant became "moot" or how the warrant became "moot."

Plaintiffs also acknowledge that, in addition to the warrant, there was a court order that authorized removal of the minors and the arrest of the Plaintiffs. (Complaint, ¶ 44). They allege the order was "outside the authority and jurisdiction of the court" (*id.*), but, again, they failed to attach a copy of the order and they failed to explain how or why it was "outside the authority and jurisdiction of the court."

Plaintiffs allege that on January 29, 2019, one of the Individual Defendants, Ms. Piva, presented the warrant to the minors' grandmother (where the minors were staying), and removed the minors and placed them in foster care. The minors were in foster care until the case was dismissed on May 14, 2019. (Complaint, ¶ 45).

Plaintiffs' counsel sent the agency a letter on May 15, 2019, notifying it that they intended to file a lawsuit against it and requesting preservation of evidence, and on May 25, 2019, the Agency took custody of the minors in retaliation for this. (Complaint, ¶ 46).

The Complaint asserts four claims for relief: violation of 14th amendment rights to familial association, retaliation in violation of 1st amendment and rights to familial association, non-consensual and unwarranted medical examination in deprivation of their constitutional rights, and a claim against the County under *Monell*. We discuss Plaintiffs' *Monell* allegations below.

On February 19, 2021, the Court issued summons on the Complaint, along with a letter advising Plaintiffs that Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the Complaint was filed. (Doc. Nos. 3, 4).

However, Plaintiffs failed to serve process on anyone within 90 days.



Therefore, on October 4, 2021 (well more than 90 days after Plaintiffs filed this case and well after the Court's February 19, 2021, letter), the Court issued an Order to Show Cause requiring Plaintiffs to show why the case should not be dismissed for lack of prosecution based on their failure to serve process. (Doc. No. 6).

On October 14, 2021, Plaintiffs filed a response to the Order to Show Cause requesting a 90-day extension to serve because they were "preparing to retain an attorney to represent them" and the underlying dependency proceeding was still ongoing and they feared retaliation. (Doc. No. 7). On December 17, 2021, the Court ruled on their request and granted it, issuing an order granting them an extension of time of 30 days from December 17, 2021. (Doc. No. 9). That date was January 16, 2022 (a Sunday, so Plaintiffs had through January 17, 2022, to serve process. Fed. R. Civ. Pro. 6(a)(1)(C)).[1]

But, January 17, 2022, passed without Plaintiffs serving anyone or seeking further relief from this Court.

Some three months later, on April 11, 2022, this Court issued a second Order to Show Cause why the case should not be dismissed for lack of prosecution. (Doc. No. 10).

On April 25, 2022, Plaintiffs filed a response to the Second Order to Show Cause acknowledging the dependency case had been dismissed some two months earlier, on February 25, 2022, and the minors were returned to them, yet failing to explain why they still delayed in making any attempt to serve process. (Doc. No. 11, p. 2, lines 7-9).

On April 25, 2022, well more than a year after Plaintiffs filed this case, they filed a proof of service of process stating they had the County and HSA served on April 22, 2022. (Doc. No. 12).

---

[1] The Court's order, therefore, granted Plaintiffs five more days than their request for 90 days that they made on October 14, 2021, which would have been through only January 12, 2022.



3

# III.
# EACH CLAIM FAILS AS TO THE HSA BECAUSE IT IS NOT A SEPARATELY SUABLE ENTITY

"[A]ctions against a subsidiary of a government entity must be filed against the parent itself." *Williams v. Lorenz,* 2018 U.S. Dist. LEXIS 190023, at *7 (N.D. Cal. Nov. 5, 2018). In *Williams*, the court held the plaintiff there could not sue the "Santa Clara Valley Medical Center" (the "SCVMC") because it is a subsidiary of the County of Santa Clara; as the court held, "Plaintiff may not sue both the SCVMC and the County, but only the County itself." *Id.* at *8. *Accord*, *Johnson v. Valley Med. Moorpark Lab Clinic & Valley Med. Hosp.*, 2013 U.S. Dist. LEXIS 202313, at *4 (E.D. Ar. Nov. 18, 2013) ("California law requires an action against a mere subsidiary be filed against the parent entity—in this case the County")[2]; *County of Santa Clara v. Astra USA, Inc.*, 2006 U.S. Dist. LEXIS 33047, at 11 (N.D. Cal. May 17, 2006), *rev'd on other grounds*, 588 F.3d 1237 (9th Cir. 2009) (a county's hospital system "is merely an agency of the county," without legal capacity to be a party);

Here, HSA is a County Department, not a separately public entity. The County formed and operates HSA pursuant to specific statutory authority, Welfare and Institutions Code Section 16500, which mandates that "[a]ll counties shall establish and maintain specialized organizational entities within the county welfare department which shall have sole responsibility for the operation of the child welfare services program." Likewise, Government Code Section 33200 authorizes a county board of supervisors to organize "the delivery of health and human services for which county government is responsible under state law into departments that provide human assistance, human services, and medical systems." Again, here that is HSA, and there is nothing stating HSA is a separate legal entity.

---

2   Fed. R. Civ. Pro. Rule 17(b)(3) states that state law determines capacity to be sued.

DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S
MOTION TO DISMISS COMPLAINT

The fact that HSA is but a department of the County is readily confirmable from multiple items of judicially noticeable public information, which this Court can (and should) review on this motion to dismiss in accordance with Federal Rules of Evidence 201. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (court can take judicial notice of materials on a Rule 12(b)(6) motion); *United States v. Ca.*, 2018 U.S. Dist. Lexis 100908, *10 (E.D. Cal. June 15, 2018) ("[t]he Court may take judicial notice of records and reports of government entities, including when that information is posted on a government webpage"), citing *Anderson v. Holder*, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012).

First, the public website for the County of San Joaquin lists the County Departments, and it specifically lists HSA as *one of its departments*: https://www.sjgov.org/government/department-list. (RJN, **Ex. A**.)

Second, on the County's public website for the County Administrator's Office (https://www.sjgov.org/department/cao) under "General Information" and then "Functional Chart," the County's organizational chart expressly shows HSA is part of the County. (RJN, **Ex. B**.)

Third, by going to the County Administrator's public webpage (https://www.sjgov.org/department/cao) and clicking on "General Information" and "Organizational Chart 2021-22," a PDF with more County organizational information opens. The cover letter in that PDF, from the County Administrator, states the document "is published to foster greater understanding of San Joaquin County government through a detailed presentation of its organizational structure." It goes on to state that it "[i]dentifies the various and diverse components of the County's organizational structure." The Table of Contents lists the County Departments—including HSA. (RJN, **Ex. C**.)

Finally, the County's annual budgets show the County funds HSA—something the County of course would not do if HSA were a separate legal entity and not a County department. (RJN, **Ex. D**.)

But, aside from this, Plaintiffs' own Complaint expressly *concedes* HSA is not a separate legal entity: Plaintiffs allege HSA is just a "administrative subunit" of the County (Complaint, ¶ 11).

HSA is a County department and not a separate legal entity. Therefore, the Court should dismiss all claims against HSA.

## IV.
## THE COURT SHOULD DISMISS THE *MONELL* CLAIM
## BECAUSE IT IS BASED ONLY ON CONCLUSORY ALLEGATIONS

It is now black letter law that that a complaint fails unless it is "supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations must "permit the court to infer more than the mere possibility of misconduct"; unless the allegations rise to this level, the complaint has not shown the pleader is entitled to relief and it fails. *Id.* at 678; *Ambrose v. Coffey* (E.D. Cal. 2009) 696 F. Supp. 2d 1109, 1112-14.

That is because Fed. R. Civ. Pro. Rule 8 "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678. Unsupported conclusory allegations are disregarded. *Ambrose*, 696 F. Supp. 2d at 1113; *Iqbal*, 556 U.S. at 678. ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("a formulaic recitation of the elements of a cause of action will not do"), quoting *Papasan v. Allain* (1986) 478 U.S. 265, 286 (on a motion to dismiss, "courts are not bound to accept as true a legal conclusion couched as a factual allegation").

Further, as to *Monell* claims: "[t]he Ninth Circuit has made clear that claims of *Monell* liability must now comply with the basic principles set forth in *Twombly* and *Iqbal*: . . . the complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Bagley v. City of Sunnyvale*, 2017 U.S. Dist. LEXIS 9948, *33-*34 (N.D. Cal. Jan. 24, 2017), *citing A.E. ex rel. Hernandez v. Cty. of*



6

DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S
MOTION TO DISMISS COMPLAINT

*Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (which quotes *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).)

A. General *Monell* Principles.

A *Monell* plaintiff must show "(1) she was deprived of a constitutional right; (2) the County had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Deloney v. Cty. of Fresno*, 2018 U.S. Dist. LEXIS 115617, *23 (E.D. Cal. July 11, 2018) (granting motion to dismiss *Monell* claim). "*Monell* liability only attaches if the policy at issue is (1) the moving force behind the violation, and (2) one of the four theories of *Monell* liability are present." *Bagley,* 2017 U.S. Dist. LEXIS 9948 at *40.

The plaintiff must allege facts showing the entity "was on actual or constructive notice that constitutional violations were likely to result" from its policies or lack thereof, and must explain both how the particular policy or custom was deficient and how it caused the alleged harm. *Deloney*, 2018 U.S. Dist. LEXIS 115617 at *34.

Key for the instant motion: A plaintiff who merely recites the elements of a *Monell* claim in her complaint without pleading specific facts has not sufficiently pled a *Monell* claim. *Sternberg v. Town of Danville*, 2015 U.S. Dist. LEXIS 169068, *13-*14 (N.D. Cal. Dec. 16, 2015) (granting motion to dismiss *Monell* claim).

With respect to causation, a *Monell* claim fails unless the plaintiff alleges—with factual support—that unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. That is because there is no basis for a *Monell* claim unless an "official policy is responsible for a deprivation of rights protected by the Constitution"; *i.e.*, that the official policy caused the constitutional violation. *Monell*, 436 U.S. at 690-92. The plaintiff must also allege the entity engaged in deliberate conduct and

that conduct was the "moving force" behind the injury. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403-05 (1997).

Where, like here, a plaintiff alleges the entity had unconstitutional policies, the policies are not actionable unless they are "permanent and well settled." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006), *citing McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). The plaintiff must also show a pattern or series of incidents. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989); *Brown v. Costello*, 905 F. Supp. 65 (N.D.N.Y. 1995). This requires allegations of "widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011). Allegations of random acts, or single instances of misconduct are insufficient to establish a municipal custom. *See Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1995); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Finally, a plaintiff must allege an unconstitutional policy amounted to "deliberate indifference" to his rights. *Anderson*, 451 F.3d at 1070, quoting *Canton v. Harris*, 489 U.S. 378, 389-91 (1989); and *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, we show Plaintiffs' *Monell* claim fails these tests.

B.  Plaintiffs' *Monell* Claim Fails Because
    it is Based on Only Conclusory, Boilerplate Allegations.

Plaintiffs conclusorily allege County policies, practices, customs, or procedures[3] caused the individual defendants to engage in the actions at issue in the Complaint. (Complaint, ¶ 26).[4] Plaintiffs conclusorily allege the County has (1) a policy authorizing or ratifying the unlawful repeated removal of children from their parents/guardians; (2) a policy authorizing or ratifying the inclusion of false statements in reports given to the

---

3   This Motion collectively refers to these things as "policies."
4   Page 10 of the Complaint restarts the numbering of the paragraphs at 1. This citation refers to the first iteration of paragraph 26 in the Complaint, on page 6.

8



DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S
MOTION TO DISMISS COMPLAINT

juvenile dependency court, as well as the intentional failure to include exculpatory information in those reports; and (3) a policy authorizing or ratifying the inclusion of more severe allegations against parents to compel parents to agree to lesser allegations with lesser consequences. (Complaint, ¶ 27).[5] The Complaint goes on, in similar conclusory form, to allege additional policies that appear to be identical to those they allege in paragraph 27. (Complaint, ¶ 29).[6]

But, these are just boilerplate, generic allegations. Plaintiffs failed to identify any actual policies. Any plaintiff can make these exact same allegations against any County that has social workers—as Plaintiffs in fact did here by—literally—whiting out "Los Angeles County" and replacing it with "San Joaquin County" in each of the following paragraphs of their Complaint: 66, 71-72; 74-75; 77-80; 83-84; 86-87; 89-90; 92; 94; 95-96; 99; 100; 104. Such boilerplate, generic allegations are insufficient to allege a *Monell* claim.

Plaintiffs also allege the County established, adopted, followed, implemented, or "turned a blind eye" to the policies the individual Defendants carried out when they presented false evidence to the Juvenile Court and retaliated against them, in violation of their constitutional rights. (Complaint, ¶¶ 74; 75; 77).

Again, however, Plaintiffs failed to allege any facts to support this generic claim against this County. Instead, Plaintiffs cite prior cases involving *Los Angeles County*. (Complaint, ¶ 77). They also claim Defendants' conduct harmed someone named "Jennifer" (Complaint, ¶¶ 44; 60; 76), again showing the generic nature of Plaintiffs' cut and paste Complaint.

Plaintiffs also allege the County does not discipline social workers for these actions, and that while the County knows about the policy to include false statements or

---

5    This citation refers to the first iteration of paragraph 27 in the Complaint, on page 7.
6    This paragraph refers to the second iteration of paragraph 29 in the Complaint, on page 16.

DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S
MOTION TO DISMISS COMPLAINT

suppress exculpatory evidence, it makes a conscious decision not to promulgate any protective policy, and that itself is a policy. (Complaint, ¶ 80, 83, 84). Again, however, Plaintiffs failed to allege any facts.

Plaintiffs allege the County did not establish, adopt, or implement policies regarding constitutional protections afforded to a parent and child. (Complaint, ¶ 86). They allege the County's policies regarding medical examinations were the moving force behind constitutional violations, including a policy of subjecting children to unwarranted medical exams, failing to notify parents of these exams, excluding parents from the exam room, etc. (Complaint, ¶ 103). Again, however, they failed to allege any facts.

Plaintiffs' *Monell* claim is based largely on their claims of alleged presentation of false evidence and unwarranted/non-consensual medical examinations. Those claims fail based on recent case law. In *Meyer v. Cty. of San Diego*, 2021 U.S. Dist. LEXIS 203317, at *22-26 (S.D. Cal. Oct. 20, 2021), the plaintiffs—just like in the instant case—alleged *Monell* claims based on alleged deception in presentation of evidence and unwarranted/non-consensual medical procedures. The court dismissed both claims. *Id.* at *24, 26. With both claims, the court found Plaintiffs just made generic allegations, devoid of facts. For example, with respect to the deception in the presentation of evidence claim, the court explained "[p]laintiffs do not point to any specific stated policy regarding deception in the presentation of evidence. The assertion that the County has a policy/custom/practice of including false statements or withholding exculpatory evidence from the state court is a bare legal conclusion that is not entitled to a presumption of truth." *Id.* at *23.

The exact same thing can be said here. Like the complaint in *Meyer,* the Complaint here is devoid of any actual facts supporting the *Monell* claims. The Complaint contains only conclusory allegations that the County had customs or practices of including false statements in reports filed with the juvenile court, omitting known exculpatory evidence from reports filed with the juvenile court, and of permitting a supervisor to sign a document



to bolster the document's credibility, even if the supervisor lacked the requisite personal knowledge. (Complaint, ¶ 75(a)-(c)).

Plaintiffs' *Monell* claim based on medical procedures is the same; it contains only conclusory allegations the County had customs/practices. (Complaint, ¶ 103(a)-(j)). As *Meyer* made clear with similar allegations, these are "bare legal conclusion[s] that [are] not entitled to a presumption of truth." *Id.* at *23. In addition, even if Plaintiffs can offer their own experiences in support of their *Monell* theories, "this is insufficient to support a plausible claim for relief." *Id.* at *23-24 (citing *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1155 (9th Cir. 2021).

Many courts have dismissed *Monell* claims for defects similar to the defects in the Complaint in the instant case. *See, e.g., Reason v. City of Richmond*, 2021 U.S. Dist. LEXIS 6015, at *8 (E.D. Cal. Jan. 12, 2021) (dismissing *Monell* claim when "plaintiffs . . . alleged no facts in their complaint regarding an unconstitutional policy, custom or practice, allegations of prior incidents, or facts."); *Tracy v. City of Marysville*, 2020 U.S. Dist. LEXIS 223458, at *7 (E.D. Cal. Nov. 30, 2020) (dismissing *Monell* claim where "plaintiff relie[d] solely on boilerplate conclusions of customs, practices and policies related to excessive force, racial discrimination, and police misconduct" because "[t]hese allegations are insufficient to state a plausible, not merely possible, claim for relief and are therefore insufficient."); *Harper v. Cty. of Merced*, 2018 U.S. Dist. LEXIS 191567, at *14 (E.D. Cal. Nov. 8, 2018) (dismissing *Monell* claim when supported by only boilerplate allegations without factual allegations).

C. The Failure to Train Aspect of Plaintiffs' *Monell* Claim Fails.

Plaintiffs allege the County has inadequate training on various things. (Complaint, ¶¶ 28, 30, 83, 86, 90, 91). This aspect of the *Monell* claim fails too.

A plaintiff alleging a *Monell* claim based on a failure to train must show: "(1) he was deprived of a constitutional right; (2) the [entity] had a training policy that 'amounts to deliberate indifference to constitutional rights of persons with whom [its officials] are likely

11



to come into contact;' and (3) his constitutional injury would have been avoided had the [entity] properly trained [the officials]." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (citation omitted); *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158-59 (9th Cir. 2014).

Moreover, a *Monell* claim based on inadequate training must be based on a 'program-wide inadequacy in training.'" *Blankenhorn*, 485 F.3d at 484-85 (quoting *Alexander v. City and Cty. of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994).)

Further, "[t]he circumstances under which courts will find that a failure to train imposes *Monell* liability 'generally involve incidents arising from a total lack of training, not simply an assertion that a municipal employee was not trained about 'the specific scenario related to the violation.'" *Serna v. City of Bakersfield*, 2019 U.S. Dist. LEXIS 83826, *11 (E.D. Cal. May 17, 2019) citing *Williams v. Cty. of Alameda*, 26 F.Supp.3d 925, 947 (N.D. Cal. 2014). Conclusory statements to the effect that had a particular employee been better or differently trained the harm would not have occurred are similarly insufficient. *Serna*, at *18.

Here, Plaintiffs' inadequate training claim fails. They allege inadequate training was a substantial factor in causing their alleged harm, and the County failed to train on various items regarding the constitutional rights of a parent and child (Complaint, ¶¶ 92, 107); however, once again they failed to allege any facts to support these conclusory allegations.

As was the case in *Meyer*, "[p]laintiffs offer[ed] their own experiences in support of the failure to train theory, [but] this is insufficient to support a plausible claim to relief." *Meyer*, 2021 U.S. Dist. LEXIS 203317 at *23-24 (citing *Benavidez*, 993 F.3d at 1155). As the *Meyer* court concluded, "none of Plaintiffs' allegations provide sufficiently targeted factual support for *Monell* liability," and dismissed the claim. 2021 U.S. Dist. LEXIS 203317 at *24.

Similarly, here, Plaintiffs' alleged experience with HSA is insufficient to support a claim for relief on a failure to train theory.

In summary, Plaintiffs' *Monell* claim, while lengthy and verbose, contains nothing but generic, boilerplate, cut and paste allegations without any factual support as to this County. It is insufficient under the well-developed body of law on what a *Monell* plaintiff must allege. Therefore, the Court should dismiss the *Monell* claim.

## V.
## TO THE EXTENT PLAINTIFFS BASE THE MONELL CLAIM ON THE FIRST, SECOND, OR THIRD CLAIMS, IT ALSO FAILS

Plaintiffs make the vague allegation—not in their *Monell* claim—that the County is liable for each of the claims in their Complaint; *i.e.*, not just for the *Monell* claim, but also for the first three claims, which Plaintiffs allege only against the individual Defendants. (Complaint, ¶¶ 26, 28).[7] Plaintiffs allege: "[t]hough not specified separately in the Claim for Relief "headings" hereinbelow, Plaintiffs contend and allege the County is liable for each of the actions complained of in each of the Claims for Relief below." (Complaint, ¶ 26, 28).[8]

But, the County cannot be liable for any of the first three claims, as a matter of law, because "§ 1983 does not provide for vicarious liability, [and] local governments 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Reason*, 2021 U.S. Dist. LEXIS 6015, at *5 (quoting *Monell*, 436 U.S. at 694).

Moreover, Plaintiffs failed to incorporate by reference any of the *Monell* allegations from the fourth claim into the first, second, or third claims.

---

[7] The reference to paragraph 26 refers to the first iteration of paragraph 26, on page 7; the reference to paragraph 28 refers to the second iteration of paragraph 28, on page 15.

[8] The reference to paragraph 26 refers to the first iteration of paragraph 26, on page 7; the reference to paragraph 28 refers to the second iteration of paragraph 28, on page 15.



DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S
MOTION TO DISMISS COMPLAINT

Therefore, to the extent Plaintiffs assert the first, second, or third claims against the County, each fails as a matter of law.

The Court should dismiss each of these claims as to the County.

## VI.
## THE COURT SHOULD DISMISS THE LAWSUIT AS TO THE COUNTY AND HSA PURSUANT TO RULE 12(b)(5) BECAUSE PLAINTIFFS FAILED TO SERVE PROCESS IN A TIMELY MANNER

Fed. R. Civ. Pro. 4(m) states, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

"[T]he correct vehicle for a challenge to the timeliness of service under Rule 4(m) is a motion under Rule 12(b)(5)." *RG Abrams Ins. v. Law Offices of C.R. Abrams,* 2021 U.S. Dist. LEXIS 227452, at *10 (C.D. Cal. Oct. 27, 2021); *accord, Graff v. City of Tehachapi*, 2014 U.S. Dist. LEXIS 175756, at *8 (E.D. Cal. Dec. 18, 2014). That is because "[s]ervice of process is insufficient '[i]f a defendant is not served within 90 days after the complaint is filed.'" *Nevis v. Edson,* 2020 U.S. Dist. LEXIS 35661, at *3 (E.D. Cal. Mar. 2, 2020), (citing Fed. R. Civ. P. 4(m)).

"Rule 4(m) 'encourages efficient litigation by minimizing the time between commencement of an action and service of process.'" *Nevis*, 2020 U.S. Dist. LEXIS 35661, at *3 (quoting *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)).

Here, Plaintiffs long exceeded the 90 day deadline. They failed to serve the County until April 22, 2022, some ***449 days*** after they filed this case, on January 28, 2021.

As stated above, in response to the Court's October 4, 2021, OSC why the case should not be dismissed, Plaintiffs filed a request on October 14, 2021, for a 90-day extension. The Court graciously granted that request, and gave them even more time than the 90 days they had requested, through January 17, 2022. (Doc. No. 9). However,

that deadline passed and Plaintiffs again failed to try to serve anyone, prompting the Court to issue a second OSC on April 11, 2022. (Doc. No. 10).

On April 25, 2022, Plaintiffs filed a response to the second Order to Show Cause claiming they had not received the order granting them the extension through January 17, 2022, and, if they had, they would have asked for a second extension because the dependency proceeding had a final hearing set in February 2022. (Doc. No. 11).

Even if Plaintiffs in fact did not receive this Court's order granting them the extension of time through January 17, 2022, it was incumbent on them, as responsible litigants, after they had filed their October 14, 2021, request for more time, to make some effort to determine the Court's response to their request. Indeed, they were already in default for having served process. They could have checked the court docket online. They could have checked the physical file at the courthouse. They could have called the Court. They apparently did none of this, and they did not explain their failure to do so.

Plaintiffs contend they feared retaliation if they served process before underlying dependency proceeding concluded. (Doc. No. 11). However, Plaintiffs state the dependency proceeding was dismissed on February 25, 2022 (*id.*), yet they failed to explain why they did not try to serve process promptly after that, instead of waiting for the Court to issue the second OSC, on April 11, 2022—especially when they were aware from the first OSC they were already well beyond the required time to serve.

The Court should dismiss the County and HSA for insufficient service.

## VII.
## CONCLUSION

The Court should grant this motion and dismiss this lawsuit as to the County and HSA and should grant such other and further relief as is appropriate.

Dated: May 13, 2022
    HERUM\CRABTREE\SUNTAG
    A Limited Liability Partnership

    By: ___*/s/ Dana A. Suntag*___
        DANA A. SUNTAG
        Attorneys for All Defendants

DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S
MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

I, KAYLA FRANCO, declare:

I am over the age of 18 years and not a party to this action. My business address is HERUM \ CRABTREE \ SUNTAG, 5757 Pacific Avenue, Suite 222, Stockton, CA 95207. On the date set forth below, I served the following document:

1. **DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; and**

2. **DEFENDANTS COUNTY OF SAN JOAQUIN AND HUMAN SERVICES AGENCY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT**

[ X ] **BY U.S. MAIL.** By enclosing the document(s) in a sealed envelope(s) addressed to the person(s) set forth below, and placing the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

*Pro Se Plaintiffs*

Lloyd Thomas Bernhard, II
Stephanie Celeste Tejada-Otero
25526 S. Bird Road
Tracy, California 95304

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed on May 13, 2022, at Stockton, California.

_____
KAYLA FRANCO

1

PROOF OF SERVICE