UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD THOMAS BERNARD, II; STEPHANIE CELESTE TEJADA-OTERO, | No. 2:21-cv-0172 TLN DB PS |
| Plaintiffs, | ORDER |
| v. | |
| COUNTY OF SAN JOAQUIN, et al., | |
| Defendants. | |

Plaintiffs Lloyd Thomas Bernard and Stephanie Celeste Tejada-Otero are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 13 & 16.) For the reasons stated below, defendants' motions to dismiss are granted and plaintiffs are granted leave to file an amended complaint and to properly serve the defendants.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on January 28, 2021, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) The complaint alleges that defendants San Joaquin County Health and Human Services Agency, the County of San Joaquin, and several named individual employees of the County of San Joaquin "participated in the

decision to remove" plaintiffs' minor children on January 29, 2019, based on "allegations which were false, and/or made with knowledge of their falsity or reckless disregard for their truth or falsity."[1]  (Compl. (ECF No. 1) at 19.[2])

Pursuant to these allegations the complaint asserts five causes of action pursuant to 42 U.S.C. § 1983 alleging violations of plaintiffs' civil rights.  (Id.)  On May 13, 2022, the individually named defendants—defendants Adrenna Torrence, Leslie Billings, Sonia Piva, "Arbuckle," Danevia Rhone, Marisol Enos-Schaffer, and Yeni Gonzales—filed a motion to dismiss.  (ECF No. 13.)  That same day the County defendants—defendants County of San Joaquin and Human Services Agency—also filed a motion to dismiss.  (ECF No. 17.)  Plaintiffs filed oppositions on June 17, 2022.  (ECF Nos. 20 & 21.)  On June 28, 2022, defendants' motions to dismiss were taken under submission.  (ECF No. 23.)

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)**

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(5).  If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant.  See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

////

---

[1] This action has been related to the action Lloyd Thomas Bernhard, II, et al. v. County of San Joaquin, et al., No. 2:21-cv-0948 DAD DB PS.  (ECF No. 18.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

**II.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

////

3

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.      Rule 12(b)(5)**

Defendants have moved to dismiss on the grounds that plaintiffs have failed to properly serve summons.  "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."  Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45 (1946).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

Although a defendant's appearance to attack sufficiency of service is an admission that the defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process.  See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum."); Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir. 1988) (service fails unless defendant returns acknowledgment form); accord Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule"); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Neither actual notice . . . nor simply naming the person in the caption of the complaint . . . will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.").  When a defendant challenges service, the plaintiff bears the burden of

////

1  establishing the validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure.
2  See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).
3      Here, plaintiffs' purported proof of service asserts that "all named defendants" were
4  served by effecting service on "Agent for Service of process, Janny Som." (ECF No. 12 at 3.) In
5  support of their motion to dismiss the individual defendants have submitted a declaration from
6  Janny Som establishing that Som has "never been an agent for service of process" for any of the
7  named individual defendants. (Som Decl. (ECF No. 14) at 2.)
8      Moreover, Rule 4(m) provides that if a defendant is not served within 90 days after the
9  complaint is filed the action may be dismissed without prejudice. Fed. R. Civ. P. 4(m). Here,
10 plaintiffs' purported proof of service asserts that service on the defendants did not occur until
11 April 22, 2022. (ECF No. 12 at 3.) The complaint in this action was filed over a year prior.
12 (ECF No. 1.)

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

16 Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587
17 F.3d 1188, 1198 (9th Cir. 2009)).
18     "[T]he determination of whether neglect is excusable is an equitable one that depends on
19 at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay
20 and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the
21 movant acted in good faith." Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223-24 (9th Cir.
22 2000). Excusable neglect "encompasses both simple, faultless omissions to act and, more
23 commonly, omissions caused by carelessness." Pioneer Inv. Services Co. v. Brunswick
24 Associates Ltd. Partnership, 507 U.S. 380, 388 (1993).
25     In opposing defendants' motions to dismiss, plaintiffs have failed to offer any argument or
26 evidence to satisfy their burden of establishing the validity of service. Plaintiffs have, however,
27 shown at least excusable neglect related to their pro se status and the failure to receive a prior
28 Court order related to service on the defendants. (Pls.' Opp.'n (ECF No. 21) at 4.) After

1  considering the relevant factors the undersigned finds that plaintiffs have shown excusable
2  neglect.
3      Accordingly, defendants' motion to dismiss for insufficient service of process will be
4  granted and plaintiffs will be granted leave to effect proper service.
5  **II.    Defendants' Motion to Dismiss**
6      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
7  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
8  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.
9  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
10 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
11 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
12 enhancements.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff
13 must allege with at least some degree of particularity overt acts which the defendants engaged in
14 that support the plaintiff's claims.  Jones, 733 F.2d at 649.  Here, the allegations found in the
15 complaint are vague and conclusory.
16     In this regard, the complaint alleges that the individually named defendants "participated
17 in the decision to remove, or otherwise condoned" the removal of plaintiffs' minor children on
18 January 29, 2019, despite a "failure to investigate anything[.]"  (Compl. (ECF No. 1) at 19.)
19 However, according to the complaint there was "a Warrant . . . Authorizing Entry into Home,"
20 but plaintiffs allege the warrant became "moot" because it was "never served on Parents or
21 family[.]"  (Id. at 22.)  The complaint cites no authority for that assertion.  See El v. Department
22 of Children Family Service(s), No. 2:19-cv-8484 VBF FFM, 2020 WL 2303145, at *3 (C.D. Cal.
23 Jan. 10, 2020) ("the Fourth Amendment does not require that officials present or display a
24 search/seizure warrant at the time of execution").  Moreover, the complaint also alleges that the
25 defendants "obtained a court order . . . . to take the children and the parents were to be arrested."
26 (Id.)
27     Plaintiffs are advised that pursuant to the Fourteenth Amendment "[o]fficials may remove
28 a child from the custody of its parent without prior judicial authorization only if the information

they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000). Pursuant to the Fourth Amendment, "[o]fficials, including social workers, who remove a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007). Here the complaint does not clearly allege how any named defendants violated either the Fourth or Fourteenth Amendment in removing plaintiffs' children.

Moreover, with respect to the County defendants "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro, 833 F.3d at 1073. In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim against the County of San Joaquin plaintiffs "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)). There are three ways a "policy" can be established. See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that

"the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the complaint contains no factual allegations in support of a Monell violation. Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and

8

1  judgments, but to interlocutory orders and non-final judgments issued by a state court as well.

2  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide

3  Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

4  The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

5  court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

6  do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

7  district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

8  state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

9  (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal'

10  forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly

11  erroneous decision by a state court, and seeks relief from a state court judgment based on that

12  decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d

13  at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman

14  doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in

15  'which a party losing in state court' seeks 'what in substance would be appellate review of the

16  state judgment in a United States district court, based on the losing party's claim that the state

17  judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

18  997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief

19  from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

20  alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

25  Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a

26  district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

27  state court had not passed directly on those claims, when the constitutional attack [is]

28  'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

9

16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

And the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). "Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies.'" Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018) (quoting ReadyLink, 754 F.3d at 759)). Here, the complaint makes vague reference to "Juvenile Dependency Court," and state court proceedings. (Compl. (ECF No. 1) at 11, 22.)

Accordingly, for the reasons stated above, the undersigned finds that plaintiffs' complaint should be dismissed.

**III.    Leave to Amend**

The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the vague and conclusory nature on the complaint the undersigned cannot find that granting plaintiffs leave to amend would be futile. Plaintiffs, therefore, will be granted leave

to file an amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in the amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 13, 2022 motion to dismiss (ECF No. 13) is granted;

2. Defendants' May 13 2022 motion to dismiss (ECF No. 16) is granted;

3. The complaint filed January 28, 2021 is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, an amended complaint may be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

////

////

////

5. Within 60 days from date of this order plaintiffs shall file proof of service of the amended complaint on the defendants in compliance with Rule 4.

Dated: December 3, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bernhard0172.mtd.ord